UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KENNETH STAHL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 07-4123 (SRC) |
| v. ) | |
| ) | **OPINION & ORDER** |
| MERRILL MAIN, et al., ) | |
| ) | |
| Defendant. ) | |

**CHESLER**, **U.S.D.J.**

**THIS MATTER** comes before the Court on Plaintiff Kenneth Stahl's motion for reconsideration of the Court's Order denying his application for appointment of pro bono counsel (docket #21) and Plaintiff's motion for an extension of time to file a response in opposition to Defendants' motion to dismiss (docket #22). As outlined below, this Court denies Plaintiff's renewed application for pro bono counsel without prejudice and grants Plaintiff's motion for an extension of time to respond to Defendants' motion to dismiss.

**I.      Factual and Procedural Background**

In August 2007, Plaintiff filed civil rights litigation against Defendants under 42 U.S.C. § 1983 (docket # 1). The record in this matter indicates that Plaintiff filed his Complaint *pro se*, successfully prosecuted an application to proceed *in forma pauperis*, and filed several pleadings in opposition to Defendants' request for additional time to answer the Complaint (see generally docket #1, #12, #14, #17). Plaintiff first sought appointment of pro bono counsel in October 2007 (docket #6). In his first application, Plaintiff advised that he needed counsel because "this is my first time doing anything like this [and] I don't know how to do things like this." Plaintiff

also made the following allegations in support of his application: (1) he cannot afford to retain counsel; (2) the amount of fact discovery required and the complexity of the legal issues require litigation experience, which Plaintiff does not have; (3) the law library where Plaintiff is incarcerated is inadequate; and (4) the merits of his case are "undeniable."  In addition, Plaintiff appears to claim that, because he was adjudicated a sexually violent predator, he is entitled to the appointment of pro bono counsel in this civil case under the "rules for civil commitment," which according to Plaintiff state:

> CIVILLY COMMITTED PERSON [sic] ARE NOT CAPABLE
> OF PROCEEDING FAIRLY OR PROPERLY BECAUSE THE
> "ALLEGED" MENTAL STATE THEY HAVE BEEN
> DIAGNOSED WITH WOULD PREVENT THIS.  AND
> BECAUSE OF THAT THE COURTS ARE NOT PERMITTED
> TO PROCEED UNLESS SAID PERSONS HAVE COUNSEL.

(Docket #6 at p. 5.)  Plaintiff's initial application for pro bono counsel was denied by this Court's Order of January 16, 2008 (docket #18).

In his second application for pro bono counsel, Plaintiff asks this Court to reconsider its earlier denial for a variety of reasons not previously disclosed (docket #21).  First, the renewed application alleges that Plaintiff is "unable" to present this motion to the Court or to "submit anything in this case" and that an anonymous fellow prisoner is assisting him.  Second, it claims that Mr. Stahl "has not, and cannot" litigate this case due to some type of unexplained "mental abnormality."  Finally, it claims that "defendants have diagnosed Mr. Stahl with the mentality and education of a 5th grade person."  There is no evidence in the record before this Court supporting any of these new contentions.

On the same day he filed his renewed motion for pro bono counsel, Plaintiff also filed a

second motion requesting an extension of time to respond to Defendants' motion to dismiss (docket #22). Defendants' motion to dismiss was filed on January 22, 2008 (docket #19). Plaintiff's response, therefore, was due February 4, 2008. In his motion for an extension of time, Plaintiff asserts that he was served with Defendants' motion on or about January 31, 2008 and did not have enough time to file a response by February 4 (docket #22). Plaintiff also asserts that the "main reason" he needed an extension was to give the Court time to reconsider its denial of his application for appointment of pro bono counsel (docket #22).

## II.     Legal Analysis

### A.     Appointment of Pro Bono Counsel

As discussed in this Court's earlier Order, indigent persons raising civil rights claims have no absolute constitutional right to counsel. *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). This Court's decision regarding whether to appoint pro bono counsel is guided by the framework stated in *Tabron v. Grace*, 6 F.3d 147, 155-56 (3d Cir. 1993), under which the Plaintiff's claims must first have some merit in fact and law and the district court must then consider the following factors: (1) Plaintiff's ability to present his own case; (2) the complexity of the legal issues involved; (3) the degree to which factual investigation will be necessary and Plaintiff's ability to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether expert testimony will be required; and (6) whether Plaintiff can obtain and afford counsel.

In considering Plaintiff's earlier submission, this Court determined that analysis of the relevant factors did not require appointment of counsel, despite Plaintiff's bald allegations to the

contrary (docket #18). At that time, the Court observed that "Plaintiff's submissions to this Court demonstrate that he is able to present his claim in a clear and articulate manner. He demonstrates an understanding of his claim and the issues involved are fairly straightforward." (Docket #18 at p. 2.) Plaintiff's motion to reconsider challenges these observations by alleging that Plaintiff only has the "mentality" and "education" of a fifth grade student, that he is unable to submit pleadings on his own behalf, and that he suffers from a "mental abnormality." Neither Plaintiff nor his ghost writer submitted any evidence to support of these new allegations and this is the first time such allegations appear in the Court record in this matter. Therefore, in the absence of any evidence supporting these new allegations, the motion must again be denied without prejudice. Plaintiff may re-file his application for pro bono counsel if either: (1) Plaintiff can bring forward something of evidentiary value to support these new allegations; or (2) the litigation advances to such a point where Plaintiff believes the appointment of pro bono counsel is appropriate under the *Tabron* factors.

Plaintiff's motion for an extension of time to respond to Defendants' motion to dismiss will be granted. The Court first expresses its concern with the conduct of Plaintiff's fellow inmate, who is apparently practicing law without a license in his attempt to assist Plaintiff. Plaintiff is encouraged to either retain counsel or draft his own responsive pleadings.

**THEREFORE IT IS** on this 28th day of February, 2008,

**ORDERED** that Plaintiff's renewed application for pro bono counsel (docket # 21) is **DENIED WITHOUT PREJUDICE** to Plaintiff renewing the application if either (1) Plaintiff can bring forth something of evidentiary value to support the new allegations of his incompetence and inability to prosecute this litigation; or (2) this litigation advances to a point

where Plaintiff believes such counsel is necessary under the *Tabron* factors; and it is further

**ORDERED** that Plaintiff's motion for an extension of time to submit his response in opposition to Defendants' motion to dismiss is **GRANTED** and Defendants' motion to dismiss shall be placed on the motion docket for an April 7, 2008 return date.  Plaintiff's response in opposition must be filed on or before March 24, 2008.  Defendants' reply, if any, must be filed on or before March 31, 2008.

      s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.